**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AIDO MOBILITY LLC,<br><br>    Plaintiff,<br>v.<br><br>WAL-MART.COM, INC. and WALMART APOLLO, LLC,<br><br>    Defendants. | Civil Action No.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aido Mobility LLC ("Aido" or "Plaintiff") files this Complaint against Wal-Mart.com, Inc. ("Wal-Mart.com") and Walmart Apollo, LLC ("Walmart Apollo") (collectively "Walmart" or "Defendant") for infringement of U.S. Patent No. U.S. Patent No. 7,058,395 ("the '395 patent"), U.S. Patent No. 7,212,811 ("the '811 patent"), and U.S. Patent No. 7,292,844 ("the '844 patent") (collectively "the patents-in-suit" or "asserted patents").

## THE PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Wal-Mart.com is a Delaware corporation. Wal-Mart.com does business in the State of Delaware and in this judicial district. Wal-Mart.com can be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

3. Walmart Apollo is a Delaware limited liability company. On information and belief, Walmart Apollo does business in the State of Delaware and in this judicial district.

1

Walmart Apollo can be served with process through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284, among others.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendant is a Delaware corporation.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (a) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold, and services provided, to Delaware residents; and (b) Defendant is a Delaware corporation.

## THE PATENTS-IN-SUIT

8. The asserted claims relate generally to novel methods for push notifications that contain certain information and/or are sent in response to certain specific conditions (*e.g.,* user interest indicators, location identifiers, etc.).

9. The '395 patent lawfully issued on June 6, 2006, and stems from Application No. 11/262,731, filed on November 1, 2005.  The '395 patent is entitled "Geographical Web Browser, Methods, Apparatus and Systems."  A copy of the '395 patent is attached hereto as Exhibit 1.

10. The '811 patent lawfully issued on May 1, 2007, and stems from Application No. 11/099,486, filed on April 6, 2005. The '811 patent is entitled "Geographical Web Browser, Methods, Apparatus and Systems." A copy of the '811 patent is attached hereto as Exhibit 2.

11. The '844 patent lawfully issued on November 6, 2007, and stems from Application No. 11/603,022, filed on November 22, 2006. The '844 patent is entitled "Geographical Web Browser, Methods, Apparatus and Systems." A copy of the '844 patent is attached hereto as Exhibit 3.

12. The names inventors on the patents-in-suit are Eric Morgan Dowling, Duncan Leo MacFarlane, and Mark Nicholas Anastasi.

13. The patents-in-suit all claim priority to U.S. Patent Application No. 09/195,171, filed on November 17, 1998, which issued as U.S. Patent No. 6,522,875 ("the '875 patent").

14. The technologies claimed by the patents-in-suit consist of ordered combinations of features and functions that were not, alone or in combination, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention.

15. Each asserted claim in the patents-in-suit is presumed valid.

16. Each asserted claim in the patents-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

17. The patent specifications of the patents-in-suit disclose shortcomings in the prior art and then explain, in detail, the technical ways that the patents resolve or overcome those shortcomings. *See, e.g.,* Exhibit 1, '395 patent, 1:20-5:42; Exhibit 2, '811 patent, 1:20-5:36; Exhibit 3, '844 patent, 1:22-5:34.

18. The patents-in-suit have over 550 forward citations, which is indicative of the value and importance of the inventions claimed in the patents-in-suit.

19. At least one author has stated that the first push service was developed by Blackberry in "the first years of this millennium." *See* Exhibit 4, The History of Push Notifications, *available at* https://pushcrew.com/blog/history-of-push-notifications/. In describing the Blackberry push service, this author went on to state:

> Push kept users updated with their email the moment it was received on the phone. The notifications appeared as a small tab of information on the mobile screen. This was revolutionary, and was one of the little features that ensured RIM's Blackberry was the chosen business device for years.

*Id.*

20. Apple did not launch its push notification service until June 2009. *See* Exhibit 5, Urban Airship, *Push Notifications Explained*, p. 1, *available at* https://www.urbanairship.com/push-notifications-explained; *see also* Exhibit 6, Melanson, Donald, *iPhone push notification service for devs announced*, Engadget (June 8, 2008), *available at* https://www.engadget.com/2008/06/09/iphone-push-notification-service-for-devs-announced/ (noting that Apple's push notification service was first announced in June 2008).

21. Google did not launch its push notification service until May 2010. *See* Exhibit 5, Urban Airship, *Push Notifications Explained*, p. 1; *see also* Exhibit 7, Wei Huang, *Android Cloud To Device Messaging*, Android Developers Blog (May 27, 2010), *available at* https://android-developers.googleblog.com/2010/05/android-cloud-to-device-messaging.html (noting that Google launched its first push notification service in May 2010).

22. On March 15, 2018, at least one author stated that: "Location-based push notifications are a relatively new phenomenon; users are still protective of their location data. *See* Exhibit 8, Bhagwandin, Stefan, *Master the Dos & Don'ts of Location-Based Push Notifications,* p. 3 (Mar. 15, 2018), *available at* https://www.leanplum.com/blog/location-based-push-notifications/.

## COUNT I

### (Infringement of U.S. Patent No. 7,058,395)

23. Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

25. Plaintiff is the assignee of the '395 patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

26. The '395 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

27. Defendant has infringed one or more claims of the '395 patent in this judicial district and elsewhere in Delaware and the United States.

28. In particular, Defendant has infringed at least claims 1, 4, and 22 of the '395 patent by, among other things, practicing the claimed method steps via operating, maintaining, and/or providing services to support the functionalities of the Walmart App (the "Accused Practices"). To the extent one or more steps are not performed by Defendant, then, on information and belief, such steps are performed by a third-party pursuant to a contractual obligation to Defendant and/or the direction and control of Defendant.

29. Attached hereto as Exhibit 9, and incorporated herein by reference, is a claim chart detailing how the Accused Practices infringe the '395 patent.

30. Defendant is liable for these infringements of the '395 patent pursuant to 35 U.S.C. § 271.

31. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (Infringement of U.S. Patent No. 7,212,811)

32. Plaintiff incorporates paragraphs 1 through 31 herein by reference.

33. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

34. Plaintiff is the assignee of the '811 patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

35. The '811 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

36. Defendant has infringed one or more claims of the '811 patent in this judicial district and elsewhere in Delaware and the United States.

37. In particular, Defendant has infringed at least claims 1, 5, and 8 of the '811 patent by, among other things, engaging in the Accused Practices. To the extent one or more steps are not performed by Defendant, then, on information and belief, such steps are performed by a third-party pursuant to a contractual obligation to Defendant and/or the direction and control of Defendant

38. Attached hereto as Exhibit 10, and incorporated herein by reference, is a claim chart detailing how the Accused Practices infringe the '811 patent.

39. Defendant is liable for these infringements of the '811 patent pursuant to 35 U.S.C. § 271.

40. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (Infringement of U.S. Patent No. 7,292,844)

41. Plaintiff incorporates paragraphs 1 through 40 herein by reference.

42. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

43. Plaintiff is the assignee of the '844 patent, with ownership of all substantial rights, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements.

44. The '844 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

45. Defendant has infringed one or more claims of the '844 patent in this judicial district and elsewhere in Delaware and the United States.

46. In particular, Defendant has infringed at least claim 1 of the '844 patent by, among other things, engaging in the Accused Practices. To the extent one or more steps are not performed by Defendant, then, on information and belief, such steps are performed by a third-party pursuant to a contractual obligation to Defendant and/or the direction and control of Defendant.

47. Attached hereto as Exhibit 11, and incorporated herein by reference, is a claim chart detailing how the Accused Practices infringe the '844 patent.

48. Defendant is liable for these infringements of the '844 patent pursuant to 35 U.S.C. § 271.

49. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '395 patent, the '811 patent and the '844 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to, and costs incurred by, Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 29, 2019

*/s/ Timothy Devlin*
Timothy Devlin (# 4241)
DEVLIN LAW FIRM LLC
1220 N. Market Street, Suite 850
Wilmington, DE 19801
302-449-9010
tdevlin@devlinlawfirm.com

*COUNSEL FOR PLAINTIFF*
*AIDO MOBILITY LLC*

OF COUNSEL:

Timothy E. Grochocinski
Illinois Bar No. 6295055
Joseph P. Oldaker
Illinois Bar No. 6295319
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1975
tim@nbafirm.com
joseph@nbafirm.com